# Staunton.

## GOLD v. MARSHALL AND ALS.

### September 21, 1882.

1. MORTGAGE.—An instrument appearing on its face to be an absolute bill of sale is admitted to have been intended only as a security for the sum of money therein mentioned, as the price of the property granted, will be treated and enforced as a mortgage.
2. EVIDENCE—*Burden of proof.*—On its face the instrument, which is admitted to have been intended as a security, names a sum certain; that sum is *prima facie* the amount due creditor, and the presumption must be repelled by the debtor.
3. PRINCIPAL AND SURETY—*Case at bar.*—G is surety to M on S's official bond as collector of taxes. M tells G that S owes a balance, and that he wants settlement and security. G suggests that M get from S a trust deed on his effects. Later, M showed G what purported to be a bill of sale by S of his effects to M at price named, but told G it was only a security, and G executed a second instrument, binding himself to pay any deficiency of S's collections over the bill of sale. S and G fail to show that the amount named was not the true amount.

HELD:

> Equity will enforce these instruments against both principal and surety, apply the effects to the amount of the debt, and decree against them both for any deficiency.

Appeal from decree of circuit court of Clarke county, rendered May 28th, 1880, in chancery cause of E. C. Marshall, Jr., against James A. Sharp and Thomas D. Gold. The circuit court having decreed against the defendant, Gold, who was surety for Sharp, obtained an appeal to this court. The facts are sufficiently stated in the opinion.

*McDonald & Moore,* for the appellant.

*Marshall McCormick,* for the appellees.

ANDERSON, J., delivered the opinion of the court.

James A. Sharp was collector for Long Marsh township, in the county of Clarke, from 1872 to 1874, and Thomas D. Gold, the appellant, was surety for him on his official bond for the year 1873. E. C. Marshall, the appellee, was the county treasurer. The said collector received from him certain tax-bills against residents of the said township, which it was his duty to collect and account for to said Marshall as treasurer.

James A. Sharp by his deed, or bill of sale, bearing date December 15, 1877, granted and assigned to the said Marshall, for and in consideration of the sum of $925.76, the receipt whereof he thereby acknowledged, certain personal property therein specified, which, on the same day, he acknowledged before a notary public for said county. And on the same day, Thomas D. Gold, the appellant, by writing acknowledged himself to be bound as surety for James A. Sharp on account of collection of taxes, and bound himself for any deficiency over and above bill of sale given by Sharp this 15th day of December, 1877. Said deed, though in form an absolute assignment, is conceded by both parties to have been intended as a security for the amount due and owing by the said collector Sharp.

This suit was brought by E. C. Marshall, to enforce the sale of the property assigned as aforesaid to him for the payment of said sum of $925.76 and for a decree against the appellant for any deficiency in the proceeds of the sale to satisfy said debt. The plaintiff asserted that the sum specified in the deed was the amount ascertained to be due from Collector Sharp on settlement, but the defendants contended that there had been no settlement, but that the bill of sale was given merely as security for what might be found to be due on future settlement.

The bill of sale or assignment presents a final settlement on its face, and the amount due from the collector to be $925.76. And the court is of opinion that the weight of evidence is in support of what appears on the face of the writings, and that it fails to show any mistake in that settlement which entitles the defendant, Sharp, or Thomas D. Gold, his security, who was cognizant of it and approved of it, to relief in equity against it. The court is of opinion, therefore, that there is no error in the decree of the circuit court, and that the same be affirmed with costs and damages.

DECREE AFFIRMED.